[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Essex Boat Works, Inc., sues the defendant Thomas Gill by virtue of his alleged breach of contract (Pl. Exh. 1) to pay for certain work performed by the plaintiff on the defendant's sail boat. The work in question, which consisted of painting and burnishing the bottom of the craft, was performed in early May 1990, while the boat was being stored at plaintiff's boat yard during the 1989-90 cold weather season.
When the defendant arrived at the plaintiff's yard on May 19, 1990, an employee of the plaintiff informed the defendant, in response to his inquiry, that his total outstanding bill was $6,438.19. Gill thereupon issued his personal check for the stated amount and removed the boat from the premises. A few days later the plaintiff's president, who was not at work on May 19, notified the defendant by letter that there remained a balance of $1,232.57 which was not covered by his payment. The amount was due and unpaid in connection with the painting and burnishing above described and, then, only recently completed. Gill ignored the letter and repeated billings which the plaintiff sent to him.
In answer to the plaintiff's complaint, brought in March 1991, the defendant denied any sum was due. Additionally, he alleged for the first time specially and by counterclaim that certain repair work; viz., to the topside of the boat; was performed in an unworkmanlike manner. Gill asserts, and the plaintiff does not contest, that notwithstanding his dissatisfaction, the May 19 payment to the plaintiff included a charge of $339.18 for work on the topside (Pl. Exh. 6).
The parties have raised no claims of law applicable to the controversy. P.B., Sec. 285 A. In the absence of any such articulated claims the court assumes the parties agree CT Page 3068 that credibility of the evidence is the primary, if not sole, issue to be decided. Ierardi v. Commission on Human Rights 
Opportunities, 15 Conn. App. 569, 585-86 (1988).
The court does not attach credibility to the defendant's testimony that he believed his payment on May 19 covered all outstanding charges, including the full amount of that for painting and burnishing. That Mr. Gill arrived at the plaintiff's office on a Saturday when the president with whom he had conducted prior negotiations regarding billing charges was not present; that he expressed dissatisfaction with the quality of workmanship to the topside of his boat; that, notwithstanding such dissatisfaction, he promptly paid the full amount of his bill as given to him on his request by an office employee with whom he had no prior dealing; that he thereupon removed his boat from the premises; and that he chose over an extended period completely to ignore, without protest or inquiry, timely and repeated billings in a consistent amount which were sent to him; persuade the court that the defendant intended to breach his agreement and thereby deprive the plaintiff of moneys for services which it had provided to him. The court rejects the defendant's claim that such work was performed in an unworkmanlike manner or with inferior materials.
The court is persuaded, however, largely on the basis of independent testimony, that the plaintiff, to the defendant's detriment; did not perform work to the topside of the boat in a workmanlike manner. Mr. Gill is not liable for the labor and material charges therefor and should recover of the plaintiff the payment he has made.
The court finds the issues as to the first count of the revised complaint in favor of the plaintiff and awards damages in the amount of $1,232.57.
The court finds the issues on the counterclaim in favor of the defendant and awards damages of $339.18.
GAFFNEY, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision
Michael Kokoszka, Chief Clerk CT Page 3069